IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Joseph Elliott Porter, | ) | Case No. 4:20-cv-01786-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| A.H.P. Settlement Trust, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is a civil action filed by a pro se litigant. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On May 13, 2020, the Magistrate Judge issued a Report recommending that this action be transferred to the United States District Court for the Eastern District of Pennsylvania. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections to the Report.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or

recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge provides a thorough and complete recitation of the facts in this case which the Court incorporates by reference.  Briefly, this case stems from a multidistrict litigation ("MDL") proceeding in the Eastern District of Pennsylvania regarding complications from diet drugs.  In 1999, American Home Products reached a nationwide class settlement agreement ("the Settlement") which was approved by the MDL Court in 2000.  The Settlement created a structure to compensate members who were harmed by the diet drugs.  In its order approving the Settlement, the MDL Court stated:

> Without affecting the finality of this Final Order and Judgment in any way, the court hereby retains continuing and exclusive jurisdiction over this action and each of the Parties, including AHP and the class members, to administer, supervise, interpret and enforce the Settlement in accordance with its terms; to supervise the operation of the Settlement Trust; to determine applications for and make reasonable awards of attorneys' fees and reimbursement of costs to Class and Subclass Counsel, the Plaintiffs' Management Committee, and others for work contributing to the common benefit of the class; and to enter such other and further orders as are needed to effectuate the terms of the Settlement.

*In re Diet Drugs*, No. 1203, 2:99-cv-20593-HB, 2000 WL 1222042, at *72 (E.D. Pa. Aug. 28, 2000).  In the Complaint, Plaintiff alleges that he was appointed power of attorney for

the specific purpose of dealing with diet drug claim litigation by claimant Miguel A. Larrieu. He contends that claimant Larrieu's settlement was erroneously calculated under Matrix B.

The Magistrate Judge determined that the claims brought in this case were within the original and exclusive jurisdiction of the MDL Court. In his objections, Plaintiff states that he "anticipate[s] Jud[g]e Bartle will voluntarily recuse himself due to a clear conflict of interest." ECF No. 6 at 3. This conjecture is insufficient to demonstrate that this action should not be transferred to the Eastern District of Pennsylvania. Because Plaintiff's allegations involve provisions of the Settlement with respect to Matrix determinations and cardiologist audits, transfer of this case is appropriate. *See In re Welding Rod Prods. Liability Litigation*, 406 F. Supp. 2d 1064, 1067 (N.D. Cal. 2005) (holding that in the MDL context where the concerns are similar, transfer serves the interests of justice, judicial efficiency, and consistency, especially where the action is complex and the transferee district is "readily familiar with the underlying issues" and "has already spent considerable time and effort coordinating the pretrial proceedings").

The Court further notes, as did the Magistrate Judge, that this is the second time Plaintiff has brought this case in this Court. His prior action was transferred to the Eastern District of Pennsylvania; that court dismissed the case without prejudice because Plaintiff failed to serve the Defendants in accordance with the Federal Rules of Civil Procedure. The Court reiterates the warning given by the Magistrate Judge in this case: in the event Plaintiff files this action in this court for a third time, it may be subject to dismissal rather than transfer.

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court agrees with the recommendation of the Magistrate Judge. Accordingly, it is ordered that this case be transferred to the Eastern District of Pennsylvania for further consideration.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

June 29, 2020
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.